**MONTE VISTA BURIAL PARK, INC.**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 15822.

United States Court of Appeals
Sixth Circuit.

Jan. 27, 1965.

———◆———

Kent Herrin and Paul J. Sherwood, Johnson City, Tenn., for appellant, Herrin, Sherwood & Washington, Johnson City, Tenn., of counsel.

Herbert Grossman, Atty., Dept. of Justice, Washington, D. C., for appellee, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief, John H. Reddy, U. S. Atty., Chattanooga, Tenn., of counsel.

Before WEICK, Chief Judge, CECIL, Circuit Judge, and TALBOT SMITH, District Judge.*

PER CURIAM.

This is an appeal from a judgment of the District Court dismissing Appellant's complaint, in which it sought to recover a refund of income taxes paid for the years 1958 and 1959, alleged to have been illegally assessed and collected by the Government.

The taxpayer, Monte Vista Burial Park, Inc., is a cemetery corporation for profit, organized under the laws of the state of Tennessee. Both by a provision in its charter and by a statute of Tennessee,[1] it was required to set apart twenty-five percent (25%) of the gross sales price of each cemetery lot for a permanent fund to be used for the improvement, upkeep and beautification of the cemetery.

Pursuant to statutory authority, it created a trust to receive, hold, invest and reinvest said twenty-five percent (25%) of the proceeds of sales of cemetery lots, and agreed to use the income therefrom paid to it by the trustees of said fund for the improvement and keeping in order of the cemetery grounds.

Among the assets of the trust were shares of stock in domestic corporations and municipal bonds.

In its income tax returns for the years 1958 and 1959 Monte Vista deducted (1) eighty-five percent (85%) of the portion of income it received from the trust which it claimed was attributable to dividends received by the trust on shares of stock in domestic corporations authorized under the provisions of Section 243 of the Internal Revenue Code of 1954,[2] and (2) income received from the trust which it claimed was attributable to interest on municipal bonds owned by the trust and exempted under Section 103 of the Internal Revenue Code of 1954.[3]

In said income tax returns Monte Vista did not include in its income the twenty-five percent (25%) which it received from the sale of burial lots paid into the trust, and deducted from its income the cost of maintaining the cemetery properties as an ordinary and necessary business expense.

The Commissioner of Internal Revenue disallowed the deductions claimed for dividends on stock and municipal bond interest on the ground that Monte Vista was not the beneficiary of the trust. Monte Vista paid the resulting assessments, claimed refund, and then filed the present suit in the District Court.

Section 662(b) of the Internal Revenue Code of 1954[4] provides, in material part, that the amounts distributed to a beneficiary of the trust "shall have the same character in the hands of the beneficiary as in the hands of the estate or trust."

The District Judge ruled, and we think correctly, that Monte Vista was not the beneficiary of the trust and therefore was not entitled to the dividend deduction or bond interest exclusion.

---

* Sitting by designation from the U. S. District Court, Eastern District of Michigan.

1. 8 Tenn. Code Ann. § 46–110.

2. 26 U.S.C. § 243.

3. 26 U.S.C. § 103.

4. 26 U.S.C. § 662(b).

Monte Vista was the trustor and not the beneficiary of the trust fund. Tennessee National Bank and two individuals were the trustees. The cemetery lot owners were the beneficiaries of the trust fund. Monte Vista was required by its charter, the statutes of Tennessee and the trust instrument, to maintain the cemetery property. The payments which it received from the trustees were in the nature of compensation for its services. Mount Vernon Gardens, Inc. v. Commissioner, 298 F.2d 712 (C.A.6, 1962); Metairie Cemetery Assn. v. United States, 282 F.2d 225 (C.A.5, 1960).

Monte Vista's claim that it is the beneficiary of the trust fund is inconsistent with its conduct in not including in its income the twenty-five percent of the sales price of lots paid into the trust. This treatment could be justified only on the theory that the money did not belong to it.

Affirmed.